J-S40002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: C.P.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.P.D., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1586 EDA 2023 |

Appeal from the Decree Entered May 22, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2021-A0015

| | | |
|---|---|---|
| IN RE: ADOPTION OF: C.P.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.J.D. AND G.O. | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1716 EDA 2023 |

Appeal from the Decree Entered September 23, 2022
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2021-A0015

| | | |
|---|---|---|
| IN RE: ADOPTION OF: C.P.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ADOPTIONS FROM THE HEART | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1717 EDA 2023 |

Appeal from the Decree Entered September 23, 2022
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2021-A0015

J-S40002-23

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 04, 2024**

In these consolidated cross-appeals, T.P.D. (Father) appeals from the May 22, 2022 decree terminating his parental rights to the minor child, C.P.D. (Child) at 1586 EDA 2023.  A.J.D. and G.O., who are the prospective adoptive parents of Child (Adoptive Parents) filed a cross-appeal from the September 23, 2022 decree denying reconsideration of the May 13, 2022 order, which denied confirmation of consent for adoption at 1716 EDA 2023.  Finally, Adoptions from the Heart (AFTH) filed a cross-appeal from the September 23, 2022 decree denying reconsideration of the May 13, 2022 order, which denied confirmation of consent for adoption at 1717 EDA 2023.  After careful review, we are constrained to vacate the trial court's decree terminating Father's parental rights to Child and remand for further proceedings consistent with this memorandum, and we dismiss the cross-appeals without prejudice.

The facts and procedural history of this case are well known to the parties.  *See* Trial Ct. Op., 7/14/23, at 1-9.  Briefly, on May 18, 2023 and May 22, 2023, the trial court conducted a hearing on the petitions to involuntarily terminate Father's parental rights filed by Child's guardian *ad litem* (GAL) Mary Pugh, Esq. and AFTH.  *See id.* at 1-2.  Following the hearing, the trial court concluded that there was clear and convincing evidence supporting the termination of Father's parental rights to Child under 23 Pa.C.S. § 2511(a),

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

and that termination would best serve Child's developmental, physical, and emotional needs and welfare pursuant to 23 Pa.C.S. § 2511(b). *See id.* at 2. The trial court entered a decree terminating Father's parental rights on May 22, 2023, and Father filed a timely appeal. Both the trial court and Father complied with Pa.R.A.P. 1925.

On appeal, Father raises the following issues:

1. Whether there is sufficient evidence to support the findings of [the trial court] that petitioners proved by clear and convincing evidence the requirements of 23 Pa.C.S. [§] 2511(a)(1) for the involuntary termination of . . . Father's parental rights?

2. Whether there is sufficient evidence to support the findings of [the trial court] that petitioners proved by clear and convincing evidence the requirements of 23 Pa.C.S. [§] 2511(a)(2) for the involuntary termination of . . . Father's parental rights?

3. Whether [the trial court] abused its discretion in finding that the developmental, physical and emotional needs and welfare of [Child] will be best served by the termination of . . . Father's parental rights pursuant to 23 Pa.C.S. [§] 2511(b), when there is a strong and loving bond between . . . Father and [C]hild, and severance of that bond will cause irreparable harm to [C]hild?

Father's Brief at 4 (some formatting altered).

Before addressing Father's issues, we must review whether the trial court appointed legal counsel to represent Child for the termination proceedings pursuant to 23 Pa.C.S. § 2313(a). *See In re Adoption of K.M.G.*, 240 A.3d 1218, 1235 (Pa. 2020). Our Supreme Court has interpreted Section 2313(a) "as requiring 'that the common pleas court appoint an attorney to represent the child's legal interest, *i.e.* the child's preferred

outcome.'" ***Id.*** (citation omitted). Additionally, the failure to appoint a "'separate attorney to represent the child's legal interests constitutes structural error, meaning it is not subject to a harmless-error analysis.'" ***Id.*** (citations omitted).

It is well settled that "a single attorney cannot represent a child's best interests and legal interests if those interests conflict." ***Id.*** at 1236 (citation omitted). As such, our Supreme Court has held that before appointing an individual to serve as both GAL and legal counsel for a child, the trial court "must determine whether counsel can represent the dual interests . . . ." ***Id.*** Further, where the trial court appoints one attorney to represent both the child's best interests and legal interests, appellate courts review whether the trial court "made a determination that those interests did not conflict." ***Id.*** at 1235.

Here, the record reflects that Attorney Pugh was initially appointed as GAL.[1] ***See*** Order, 6/25/21. The notes of testimony from the May 18, 2023 termination hearing reflect that Attorney Pugh acknowledged that she was also serving as Child's legal counsel. ***See*** N.T., 5/18/23, at 9-10; ***see also*** Trial Ct. Op., 7/14/23, at 1, n.1. However, while the trial court noted that Attorney Pugh "was aware of the distinction between representing a child as legal counsel and representing a child as [GAL], and that she felt confident in her ability to represent [Child] as his legal counsel in the contested termination

---

[1] Attorney Pugh remains Child's appellate counsel and counsel of record.

- 4 -

of parental rights proceeding[,]"[2] the trial court never determined whether there was in fact a conflict between Child's legal interests and best interests. **See K.M.G.**, 240 A.3d at 1236.[3] Therefore, we are constrained to vacate the involuntary termination decree and remand for further proceedings. **See id.**; **see also Interest of A.J.R.O.**, 270 A.3d 563, 570-71 (Pa. Super. 2022) (reiterating that "appellate review of this question does not involve second– guessing whether GAL/[legal c]ounsel in fact had a conflict but solely whether the [trial] court made the determination in the first instance" (citation omitted)).

On remand, within thirty days of the date the record is remitted, we direct the trial court to fulfill its Section 2313(a) duty as articulated in **K.M.G.** and determine whether Attorney Pugh may represent both the best interests and legal interests of Child. If the trial court determines that no conflict exists between Child's dual interests, then the trial court shall re-enter the termination order as to Father. If the trial court determines that there is a conflict between Child's best interests and legal interests, then the court shall appoint separate legal counsel for Child and conduct a new termination

_____

[2] Trial Ct. Op., 7/14/23, at 1, n.1.

[3] We recognize that Child was only two years and eight months old at the time of the termination hearing. **See** N.T., 5/22/23, at 104. However, the trial court did not determine, nor did Attorney Pugh indicate on the record, whether Child was too young to articulate a preference as to the outcome of the proceedings, such that no conflict could exist. **See In re T.S.**, 192 A.3d 1080 (Pa. 2018). Further, although we acknowledge that remand will result in a delay, we may not make this determination on the trial court's behalf. **See Interest of A.J.R.O.**, 270 A.3d 563, 570-71 (Pa. Super. 2022).

hearing at which time Child's legal counsel can advocate on behalf of Child's legal interests.[4] *See K.M.G.*, 240 A.3d at 1235.

Decree at 1586 EDA 2023 is vacated and remanded with instructions. The cross-appeals at 1716 EDA 2023 and 1717 EDA 2023 are dismissed without prejudice. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/4/2024

---

[4] As stated, Adoptive Parents and AFTH also cross-appealed from the September 23, 2022 decree, which denied reconsideration of the May 13, 2022 order denying confirmation of Father's consent for adoption. Adoptive Parents and AFTH acknowledge that if this Court affirms the decree terminating Father's parental rights, the cross-appeals at 1716 EDA 2023 and 1717 EDA 2023 may become moot. *See* Adoptive Parents Resp. to Rule to Show Cause, 7/28/22, at 7; AFTH Resp. to Rule to Show Cause, 7/28/22, at 5. In light of our conclusion that remand is necessary for the trial court to determine whether there is a conflict between Child's legal interests and best interests in the termination proceedings, in order to prevent piecemeal appeals, at this juncture, the cross-appeals at 1716 EDA 2023 and 1717 EDA 2023 are dismissed without prejudice.